### HERMAN v WARNER et

Ohio Appeals, 2nd Dist, Montgomery Co.

No 1411. Decided Sept 1, 1937

Daniel L. Dwyer, Dayton, for appellee.
George Nicholas, Dayton, for appellant.

### OPINION

By THE COURT

The above entitled cause is now being determined on appellee's application for rehearing, in the matter of computation of the amounts involved.

580

In our original opinion, released June 23rd, we adopted the opinion of the trial court. The application for rehearing urges a re-consideration on the question of the amount.

The memoranda supporting the application presents a very strong argument. Of course this is wholly a question of fact. We have re-examined the record and re-considered the cause in the light of the claim of appellee in her application for re-hearing.

It is our conclusion that the application should be sustained.

Coming now to determine the amount of plaintiff's claim as a special depositor as distinguished from a running stock account, we conclude that the amount of the special deposit claimed should be $4,117.75 with its accumulations. The remainder will be considered as a running stock account.

Briefly, we now set forth the basis for our present conclusions and determinations. Plaintiff's original deposit of $4,500.00 was evidenced by certificate of deposit. There is no basis nor is any claim made that this amount originally was a stock account. A second deposit of $2,229.15 was contemporaneous with plaintiff's subscription for fifty shares of running stock. It is true plaintiff-appellee makes the claim that she did not read this subscription card, but had the understanding that it was nothing more than an identification card. We are loath to set a precedent of setting aside the written evidence by parol statements. Of course we recognize that this may be done under certain conditions. Plaintiff-appellee presents a rather strong case in support of her allegations of fraud, but not adequate to overcome her signed subscription for the stock.

The evidence is conclusive that the first $500.00 withdrawn by plaintiff was taken out of the $4,500.00 certificate of deposit. This would leave $4,000.00, plus its accumulations. At that time the $4,000.00, plus its accumulations, was placed in a pass book. Nothing on the pass book indicated that it was a transfer to the running stock account. Plaintiff did nothing through which it could be determined that she was consenting to a transfer of this special stock account to a running stock account. We think the action of the officials of the building and loan association in making the transfer was unauthorized. It is true that the plaintiff had possession of the pass book and necessarily knew that the amount was placed in the same book as was her deposit of $2,229.15. However, this pass book indicates that it is a savings account and not a running stock account. On the front page of the book in gold letters appears the words "Savings Account." At a later period the plaintiff, while in California, sought to obtain $2,000.00, and communicated with the building and loan for that purpose. A check for that amount was sent to her, which she cashed. The question now arises as to whether this amount should be charged against the special deposit of $4,000.00, plus its accumulations, or the $2,229.15, plus its accumulations. Under the entire record it seems to be more equitable to permit this amount to be drawn against the running stock account, since the doubt is raised as to whether appellee intended to subscribe for stock at all. At the time of all these transactions, including the withdrawals by plaintiff, the building and loan had not gone on notice, nor was it in the hands of the Superintendent of Building & Loans. At that time withdrawals might be made from any account.

Entry may be drawn in conformity to this opinion.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.